ALBERT H. FORD, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

Claims Nos. 15098, 15210, 15398, 15721, 15891, 16443, 16643, 16797, 17025, 17124.

Court of Claims, November, 1922.

**Claims against the state — damages to quarry by construction and maintenance of Barge canal — rental value measure of damages.**

Where through negligent construction and maintenance by the state of the Barge canal claimant lost the use of his quarry which had a definite, ascertainable rental value upon a royalty basis, the measure of damages to be applied in making an award is the rental value of the quarry less a reasonable deduction for any depletion suffered by claimant.

CLAIMS for loss of use of quarry.

*Ramsdale & Church (Sanford T. Church, of counsel), for claimant.*

*Charles D. Newton, attorney-general (George L. Meade and Archie Ryder, of counsel), for the State of New York.*

CORWIN, J. These claims are for the loss of the use of claimant's quarry due to the flooding thereof through the negligent construction and maintenance by the state of New York of the Barge canal.

Awards made by this court upon similar claims filed by the claimant for the years 1915 and 1916 were unanimously affirmed by the Appellate Division of the fourth department (*Ford* v. *State of New York*, 192 App. Div. 948), and, no evidence having been produced on the trial of these claims sufficient to differentiate them as to liability from the claims there considered, we consider the question of liability established and to call for no discussion.

We deem it advisable, however, to indicate briefly the rule of damages which we believe applicable to these claims and which we have followed in their determination.

It is urged in behalf of the claimant that he is entitled to recover his estimated net profits, based upon his actual experience in the past, for the respective periods during which he has been deprived

of the use of his quarry, contending that not only has claimant's quarry been rendered useless, but that his going business in connection with the operation thereof has been interfered with and destroyed. Testimony as to claimant's past experience in the operation of his quarry, including the nature, character and extent of his interrupted business as well as his profits, was properly admitted and has been of aid in checking up the estimated production of the quarry for the seasons covered by these claims and in arriving at the usable value of the quarry. Nevertheless, it is manifest that claimant's estimated profits, as such, are not recoverable and do not fix the measure of damages to be applied in these cases. Not only do these include the result of claimant's personal skill and experience as a quarryman, his business ability, and other elements which cannot properly be considered in admeasuring claimant's damage, but, because of frequently changing market and labor conditions as well as the ordinary vicissitudes of business, they are speculative and uncertain in the extreme.

These cases, as to the measure of damages to be applied, are in many respects similar in principle to *Reisert* v. *City of New York*, 174 N. Y. 196, in which case the plaintiff also had a going business in connection with the cultivation of his truck farm. It was there held that the usable value of the premises was in effect their rental value.

The quarry in question, located where it was, had a definite, ascertainable rental value upon a royalty basis. This was dependent in amount only upon the marketable production of which the quarry was capable in the several years for which the respective claims are filed. In case it were so rented, however, it would be subject to an annual depletion which the claimant in the circumstances has not suffered. Inasmuch as the claims are for usable value only and not for fee value, due allowance must be made for such depletion. The amount and value of such depletion is readily ascertainable from the testimony.

We are of opinion that the measure of damages to be applied in these cases is the rental value of the quarry, less a reasonable deduction for depletion; and have made awards accordingly.

ACKERSON, P. J., concurs.

Judgment accordingly.